2302-14-002202

received
10/31/2014
10:42 am

# CITATION

| | |
|---|---|
| DOUGLAS K. MENDOZA ET AL<br>(Plaintiff)<br><br>vs.<br><br>DOYLE INTERNATIONAL LOUISIANA,<br>LLC ET AL<br>(Defendant) | NUMBER  C634325 SECTION 25<br><br>19th JUDICIAL DISTRICT COURT<br><br>PARISH OF EAST BATON ROUGE<br><br>STATE OF LOUISIANA |

TO: FIRST NBC BANK HOLDING COMPANY
THROUGH ITS REGISTERED AGENT
MARSHA S. CROWLE
210 BARONNE STREET
NEW ORLEANS, LA 70112

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **24-OCT-2014**.

*Whitney LeBoeuf*
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: STEPHEN CRAIG CARLETON

*The following documents are attached:
PETITION FOR DAMAGES, AFFIDAVIT OF VERIFICATION, REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE:   $_____
TOTAL:     $_____

_____
Deputy Sheriff

CITATION (OOP) - 2302


EBR2601729

C634325

| | | |
|---|---|---|
| DOUGLAS K. MENDOZA AND SUGACANE'S BLUES & BARBEQUE, LLC | SUIT NO.: | DIV.: SEC. 25 |
| VERSUS | 19TH JUDICIAL DISTRICT COURT | |
| DOYLE INTERNATIONAL LOUISIANA, LLC, JASON C. DOYLE, FRANK SIMONCIONI, JOHN MOAK, STEVE GINGRICH, AND FIRST NBC BANK | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA | |

COST $ 1112⁴⁴
OCT 15 2014
DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

NOW COMES, named plaintiffs herein, Douglas K. Mendoza, M.D. ("Mendoza") and Sugacane's Blues & Barbeque, LLC, ("Sugacane's") collectively referred to as "Plaintiffs", which assert their Petition for Damages as follows:

1.

Named defendants herein are:

    A. **Doyle International, Inc.** ("Doyle International"), a Delaware corporation, not authorized, but doing business in East Baton Rouge Parish, State of Louisiana;

    B. **Jason Coleman Doyle** ("Doyle"), an individual of the full age of majority, a resident and domiciliary of Orleans Parish and at all times relevant herein doing business in East Baton Rouge Parish, State of Louisiana;

    C. **Frank Simoncioni** ("Simoncioni"), an individual of the full age of majority, a resident and domiciliary of St. Tammany Parish and at all times relevant herein doing business in East Baton Rouge Parish, State of Louisiana;

    D. **John Moak** ("Moak"), an individual of the full age of majority, a resident and domiciliary of Lincoln Parish and at all times relevant herein doing business in East Baton Rouge Parish, State of Louisiana;

    E. **Steve Gingrich** ("Gingrich"), an individual of the full ages of majority, a resident and domiciliary of Jefferson Parish and at all times relevant herein doing business in East Baton Rouge Parish, State of Louisiana;

    F. **First NBC Bank** ("First NBC"), a Louisiana chartered bank, authorized to do and doing business in East Baton Rouge Parish, State of Louisiana at all times relevant herein; and

### JURISDICTION AND VENUE

1.

Jurisdiction and venue are proper in East Baton Rouge Parish because acts giving rise to the claims herein occurred in East Baton Rouge Parish.

REGIS B.P.
OCT 15 2014

Certified True and Correct Copy
eCertID: 000164597
*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
10/20/2014 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

### FIRST CAUSE OF ACTION: FRAUD

2.

At all times material hereto, defendants Simoncioni, Moak and Gingrich were direct employees of one or more entities controlled by defendant Doyle.

3.

From approximately August of 2011 through December of 2011, Defendants Doyle, Simoncioni, Moak and Gingrich conspired together in an intentional pattern and practice of conduct to fraudulently induce plaintiff Mendoza and his sole membership LLC, plaintiff Sugacane's, to invest Three Hundred Thousand and no/100s ($300,000) with defendant Doyle International to purchase a 49.5% interest in a Doyle International wholly owned business, LCN MOL, LLC.

4.

Defendants Doyle, Simoncioni, Moak and Gingrich all worked in concert to defraud Plaintiffs Mendoza and Sugacane's of $300,000 by convincing Plaintiffs to purchase a 49.5% interest in LCN MOL, LLC, with Plaintiffs' investment to be used by Doyle International, as LCN MOL LLC's 50.5% majority shareholder, to construct and operate a La Crepe Nanou – Baton Rouge restaurant on property adjacent to the Mall of Louisiana Development on Bluebonnet Boulevard in Baton Rouge, Louisiana from which both Doyle International and Plaintiffs were promised to benefit as owner/operators.

5.

Defendants Doyle, Simoncioni, Moak and Gingrich worked in concert to steer Plaintiffs to defendant First NBC for Plaintiffs to obtain a Three Hundred Thousand and no/100s ($300,000) dollar loan with these loan proceeds to be immediately handed over to defendant Doyle International for Plaintiffs' purchase of 49.5% of Doyle International's interest in LCN MOL, LLC.

6.

Despite the repeated assurances, representations and guarantees extended to Plaintiffs by defendants Doyle, Simoncioni, Moak and/or Gingrich that Plaintiffs' investment would be used in the construction and operation of the La Crepe Nanou – Baton Rouge restaurant, the restaurant was never constructed and never operated. Upon information and belief, Plaintiffs' investment

Certified True and Correct Copy
eCertID: 000164597

Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
10/20/2014 3:08 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

funds were squandered, or pocketed as compensation, by these defendants under circumstances only known to these defendants.

7.

Upon information and belief, Defendants Simoncioni, Moak and Gingrich were financially compensated by Doyle through one or more of the entities he controlled at all times relevant to these proceedings, including at all times they interacted with plaintiffs. Upon information and belief, these defendants, along with Doyle and Doyle International, directly benefited from the fraud they perpetuated on Plaintiffs.

8.

Upon information and belief, at all times relevant to these proceedings the La Crepe Nanou – Baton Rouge concept was a scam, concocted by Doyle and perpetuated by Doyle and Doyle employees Simoncioni, Moak and Gingrich to defraud Plaintiffs of $300,000 and to use this money elsewhere including but not limited to unjustly compensate Doyle and these Doyle employees.

9.

Accordingly, Plaintiffs request the Court to impose the following remedies as a result of the fraudulent conduct of defendants Doyle, Simoncioni, Moak and Gingrich, acting individually and on behalf of defendant Doyle International:

- Nullify the purchase by Plaintiff Sugacane's of its 49.5% interest in LCN MOL, LLC from Doyle International Inc. pursuant to a "LLC Membership Interest Purchase Agreement" effective January 20, 2012;

- Hold defendants Doyle, Simoncioni, Moak, Gingrich and Doyle International liable individually, jointly and in solido to Plaintiffs for the return of Plaintiffs' $300,000 investment, plus all interest and other fees paid by Plaintiffs to First NBC to secure this loan, and any other equitable costs and fees to which Plaintiffs are entitled.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT – REQUEST TO RESCIND AND NULLIFY PROMISSORY NOTE BETWEEN PLAINTIFFS AND DEFENDANT FIRST NBC

10.

Plaintiffs reassert and reallege the allegations contained in paragraphs 1-9, inclusive, as if pleaded herein *in extenso*.

11.

Long before Doyle and his employees fraudulently induced Plaintiffs to obtain a loan from defendant First NBC for purposes of absconding with the loan proceeds for their own benefit, upon information and belief, defendant Doyle, his various business entities, and Doyle's employees

Certified True and Correct Copy
eCertID: 000164597
Deputy Clerk of Court
East Baton Rouge Parish
Generated Date: 10/20/2014 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

including Simoncioni, Moak and Gingrich, all had pre-existing relationships with defendant First NBC and several of its loan officers.

12.

From September of 2011 until late December 2011 when the $300,000 loan to Plaintiffs for the purpose of immediate investment with Doyle International was funded by First NBC, Plaintiffs were consistently steered by defendants Doyle, Simoncioni and Gingrich to defendant First NBC to apply for and obtain the loan proceeds to be delivered to Doyle International.

13.

Plaintiffs' primary contact at First NBC during the loan application process was First NBC Senior Vice President Fred Beebe ("Beebe"), who did in fact approve the $300,000 loan to Plaintiffs secured by the furniture, fixtures and equipment of the fictitious La Crepe Nanou – Baton Rouge and by the personal guarantee of plaintiff Mendoza.

14.

At all times during Beebe's interaction with Plaintiffs in the loan application process, Beebe and First NBC were aware that the sole purpose for these loan proceeds was for investment with Doyle and Doyle International for the proposed La Crepe Nanou restaurant in Baton Rouge, Louisiana.

15.

At the time Doyle and Doyle employees Simoncioni and Gingrich initially directed Plaintiffs to Beebe for loan consideration by First NBC, upon information and belief, First NBC and Beebe were already very familiar with Doyle and Doyle's business operations and with Doyle's personal and business loans, through a long standing pre-existing relationship between Doyle, his business entities and First NBC.

16.

Before approving Plaintiffs' loan from First NBC in December of 2011 for the sole purpose of investment with Doyle and Doyle International, upon information and belief, First NBC and Beebe were very familiar with Doyle's questionable business practices and ethics, the underperformance or non-performance of various loans extended by First NBC to Doyle personally and/or his business entities and the poor performance or gross failure of other Doyle-related business ventures.

17.

Certified True and Correct Copy
eCertID: 000164597  East Baton Rouge Parish Deputy Clerk of Court
Generated Date: 10/20/2014 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Beebe and Defendant First NBC were in a place of superior knowledge concerning Doyle, his highly questionable personal financial status, and the extremely poor performance and distressed financial status of his business entities and investments.

18.

Therefore, Beebe and First NBC had an affirmative duty to warn Plaintiffs, as First NBC customers, of the substantial risk to the Plaintiffs of the loss of their loan proceeds designated for investment with Doyle International upon approval of Plaintiffs' loan application.

19.

Despite their superior knowledge, Beebe and First NBC put their own interests, and the interests of its pre-existing long standing customer Doyle, ahead of the interests of Plaintiffs by completely failing to advise Plaintiffs of the extremely poor track record of Doyle, his businesses and his business investment schemes. If First NBC's knowledge had been properly disclosed, Plaintiffs would have immediately stopped the loan application process, the promissory note Plaintiffs executed with First NBC would never have been signed and Plaintiffs' investment funds of $300,000 would never have been lost.

20.

Without Beebe and First NBC's proper disclosure to Plaintiffs of relevant financial information concerning Doyle, his business entities and his investment schemes, the Plaintiffs proceeded to execute a promissory note and other loan documents with First NBC on January 13, 2012, for $300,000 from First NBC.

21.

Upon issuance of funds by First NBC, Plaintiffs never received the money. First NBC sent the loan proceeds directly to Doyle International for the Doyle International investment purchase. These funds have neither been seen by Plaintiffs nor accounted for by Doyle, Doyle International or anyone else since that time.

22.

The conduct of defendant First NBC, through its authorized representative Beebe and potentially others, in funding this loan to Plaintiffs under these circumstances serves to nullify the Promissory Note Contract between Plaintiffs and First NBC on a variety of grounds including but not limited to:

- First NBC's breach of disclosure obligation duties to Plaintiffs in the formation of the promissory note contract;

Certified True and Correct Copy
eCertID: 000164597
Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 10/20/2014 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

- First NBC's breach of its contractual obligations of good faith and fair dealing with Plaintiffs in the loan application and loan contract execution process; and

- First NBC's breach of its contractual fiduciary duties owed to Plaintiffs as customers of First NBC. First NBC's duties to Plaintiffs exist because of First NBC's superior financial knowledge of, and long-standing pre-existing history with, defendant Doyle, his various business entities and his business investment schemes.

23.

More particularly, Plaintiffs request that its Promissory Note with First NBC be declared null and void based on grounds of error and vice of consent as a direct and proximate result of the fraud and/or misrepresentation and/or error at issue herein. While the Promissory Note was executed, the obligation itself was a product of fraud, specifically error induced by Defendants misrepresentations, all causing Plaintiffs to reasonably rely to their detriment.

24.

Accordingly, Plaintiffs' consent was vitiated by error entitling Plaintiffs to a declaration that the Promissory Note is null and deemed to never have existed pursuant to Article 2033 of the Louisiana Civil Code, and further that First NBC be barred from further collection on this note and that First NBC be required to fully refund to plaintiffs all payments made on the note, plus all associated interest, costs and applicable fees.

### REQUEST TO POST NOTE PAYMENTS IN COURT REGISTRY

25.

Plaintiffs reassert and reallege the allegations contained in paragraphs 1-24, inclusive, as if pleaded herein *in extenso*.

26.

Plaintiffs request authority from the Court to post all future monthly payments due under the terms of the Promissory Note into the registry of the Court until a determination is made as to Plaintiffs' obligations for payment of this note.

### INJUNCTIVE RELIEF

27.

Plaintiffs reassert and reallege the allegations contained in paragraphs 1-26, inclusive, as if pleaded herein *in extenso*.

Certified True and Correct Copy
eCertID: 000164597
Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
10/20/2014 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

28.

Plaintiffs request that defendant First NBC be enjoined from taking any adverse action as to Plaintiffs' credit ratings while this matter is pending. Any such adverse action would result in irreparable injury to the credit and reputation of Plaintiffs, which would not be compensable by monetary means.

**WHEREFORE**, after due proceedings be had, Plaintiffs Douglas K. Mendoza and Sugacane's Blues & Barbeque, LLC pray that citation and service of this petition be issued to defendants Doyle International Louisiana, LLC, Jason Doyle, Frank Simoncioni, John Moak, Steve Gingrich, and First NBC Bank Holding Company and that these defendants be required to answer and respond to the allegations of the petition and for the relief requested by Plaintiffs herein; and that Plaintiffs' request to post future monthly payments under the terms of its promissory note with First NBC into the registry of the court be granted; and that Plaintiffs' request for injunctive relief enjoining defendant First NBC from taking any adverse action as to Plaintiffs' credit during the pendency of this litigation be granted.

By Attorneys:

**CARLETON LORASO & HEBERT, LLC**

*[signature]*

Stephen C. Carleton (# 14132)
Victor R. Loraso, III (#31239)
Carmen T. Hebert (# 33179)
445 North Boulevard, Suite 625
Baton Rouge, Louisiana 70802
Telephone: 225.282.0602
Facsimile: 877.443.9989
*Attorneys for Plaintiffs Douglas K. Mendoza and Sugacane's Blues & Barbeque, LLC*

**SHERIFF PLEASE SERVE:**

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant Doyle International, Inc. upon:

Doyle International Louisiana, LLC
935 Gravier Street, Suite 1900
New Orleans, LA 70112

Certified True and Correct Copy
eCertID: 000164597

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
10/20/2014 3:08 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

East Baton Rouge Parish Clerk of Court - C634325 PET/DAMAGES

Page 8 of 8

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant Jason Coleman Doyle upon:

Jason Coleman Doyle
5528 Cherlyn Drive
New Orleans, LA 70124

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant Frank Simoncioni upon:

Frank Simoncioni
21477 Pat O'Brien Road
Covington, LA 70435

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant John Moak upon:

John Moak
1703 Esplanade Ave.
Ruston, LA 71270

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant First NBC Bank upon:

First NBC Bank Holding Company
Through its Registered Agent
Marsha S. Crowle
210 Baronne Street
New Orleans, LA 70112

Petition for Damages And Plaintiff's Request for Admissions, Interrogatories And Requests For Production of Documents To Defendant Steve Gingrich upon:

Steve C. Gingrich
2530 Lexington Avenue
Kenner, LA 70062

Certified True and Correct Copy
eCertID: 000164597
East Baton Rouge Parish
Deputy Clerk of Court   Tracy Bradley
Generated Date: 10/20/2016 3:08 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

East Baton Rouge Parish Clerk of Court - C634325 AFFIDAVIT

Page 1 of 1



| | |
|---|---|
| DOUGLAS K. MENDOZA AND SUGACANE'S BLUES & BARBEQUE, LLC | SUIT NO.:          DIV.: |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| DOYLE INTERNATIONAL LOUISIANA, LLC, JASON C. DOYLE, FRANK SIMONCIONI, JOHN MOAK, STEVE GINGRICH, AND FIRST NBC BANK | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

## AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared:

### DOUGLAS K. MENDOZA

who, after being by me duly sworn, stated as follows: I am one of the petitioners in the above captioned suit, and also the sole member of Sugacane's Blues and Barbeque, LLC, and all of the allegations of fact contained therein are true and correct to the best of my knowledge, information, and belief.

_____
Douglas K. Mendoza

SWORN TO AND SUBSCRIBED, before me, this ___13th___ day of October 2014.

_____
NOTARY PUBLIC
CARMEN T. HEBERT
Notary Public
State of Louisiana
LA Bar Roll No. 33179
My Commission is For Life

1

Certified True and Correct Copy
eCertID: 000164603
East Baton Rouge Parish
Deputy Clerk of Court — Tracy Bradley

Generated Date: 10/20/2014 3:08 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).