UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOUGLAS MENDOZA, ET AL.

VERSUS

DOYLE INTERNATIONAL
LOUISIANA, LLC, ET AL.

CIVIL ACTION NO.

17-437-BAJ-EWD

**<u>RULING ON MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO SEAL</u>**

Before the court is a Motion to Strike, or in the Alternative, Motion to Seal (the "Motion to Strike or Seal")[1] filed by non-party, Fred Beebe ("Beebe"). Plaintiffs, Douglas M. Mendoza, M.D. and Sugacane's Blues and Barbecue, LLC (collectively, "Plaintiffs") have filed a Notice of Non-Objection.[2] For the reasons set forth herein, the Motion to Strike or Seal is granted in part.

**I.    Background**

On or about October 15, 2014, Plaintiffs filed a Petition for Damages (the "Original Petition") against Jason Coleman Doyle ("Doyle"); Frank Simoncioni ("Simoncioni"); John Moak ("Moak"); Steve Gingrich ("Gingrich"); Doyle International, Inc. ("Doyle International"); and First NBC Bank ("First NBC" or "FNBC").[3] In the Original Petition, Plaintiffs allege that Doyle, as well as Doyle's employees, Simoncioni, Moak, and Gingrich, "all worked in concert to defraud" Plaintiffs into purchasing an interest in a Doyle International wholly owned business[4] and that although Plaintiffs were led to believe that their investment would be used to construct and operate a Baton Rouge restaurant, the restaurant was never built.[5] Plaintiffs allege that the individual

---

[1] R. Doc. 106.

[2] R. Doc. 109.

[3] R. Doc. 1-6, pp. 2-9.

[4] R. Doc. 1-6, p. 3, ¶¶ 3-4.

[5] R. Doc. 1-6, pp. 3-4, ¶ 6.

defendants "worked in concert to steer Plaintiffs to defendant First NBC for Plaintiffs to obtain" a $300,000 loan used to purchase Plaintiffs' interest,[6] and that First NBC and First NBC's Senior Vice President, Beebe, had "superior knowledge" of Doyle's "highly questionable personal financial status, and the extremely poor performance and distressed financial status of his business entities and investments"[7] such that "Beebe and First NBC had an affirmative duty to warn Plaintiffs, as First NBC customers, of the substantial risk to the Plaintiffs of the loss of their loan proceeds designated for investment with Doyle International…."[8]

On March 31, 2017, Plaintiffs filed a First Amended Petition for Damages Against Defendant First NBC Bank (the "First Amended Petition") asserting "causes of action of fraud, conversion, and negligent or intentional infliction of emotional distress against FNBC based on FNBC's active collusion with the other named Defendants to wrongfully obtain and improperly disburse $300,000 of Plaintiffs' investment funds for the benefit of all Defendants, including FNBC…."[9] Although the First Amended Petition includes many factual allegations regarding Beebe's actions, Plaintiffs did not name Beebe as a defendant in the First Amended Petition.[10]

On January 31, 2019, Plaintiffs filed a Motion for Leave to File Second Supplemental and Amended Complaint (the "Motion for Leave").[11] By the Motion for Leave, Plaintiffs sought to

---

[6] R. Doc. 1-6, p. 3, ¶ 5.

[7] R. Doc. 1-6, p. 6, ¶ 17.

[8] R. Doc. 1-6, p. 6, ¶ 18.

[9] R. Doc. 18-3, ¶ 30.

[10] For example, based on "Beebe's extensive involvement in assisting Doyle in obtaining and squandering Dr. Mendoza's loan proceeds, Beebe's knowing disregard for preserving Dr. Mendoza's investment funds for their intended purpose, and Beebe's failure to advise Dr. Mendoza of Doyle's actions and woeful financial status or the use of Dr. Mendoza's funds for the direct benefit of FNBC," Plaintiffs assert that "full liability" should be imposed on FNBC for Dr. Mendoza's losses and that "FNBC has, through the concerted actions of its senior officers Ryan and Beebe, committed a fraud on Dr. Mendoza and has committed a conversion of his investment funds to FNBC's direct benefit." R. Doc. 18-3, ¶ 77. Beebe's Motion to Strike does not seek to strike the First Amended Petition.

[11] R. Doc. 38.

file a Second Supplemental and Amended Complaint (the "Second Amended Complaint") adding Beebe and FNBC Chief Executive Officer Ashton Ryan ("Ryan") as defendants and asserting a claim against FNBC, Ryan, and Beebe collectively pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*[12] On June 20, 2019, Plaintiffs filed a Motion to Withdraw their Motion to Amend,[13] which was subsequently granted.[14]

Per the current Motion to Strike or Seal, Beebe seeks an order from this Court striking from the record or alternatively, sealing, the proposed Second Amended Complaint attached to Plaintiffs' Motion for Leave and related filings.[15] Beebe asserts that the proposed Second Amended Complaint "contains false and scandalous statements" about him and that the "untrue criminal conduct" alleged in the proposed Second Amended Complaint is "severely harmful and prejudicial."[16] Plaintiffs have filed a Notice of Non-Objection, asserting that they do not object to the Motion to Strike or Seal "on procedural grounds due to the withdrawal of its Second Amended Complaint on procedural grounds."[17]

---

[12] R. Doc. 38-3, pp. 21-30, ¶¶ 79-108.

[13] R. Doc. 84.

[14] R. Doc. 85.

[15] R. Doc. 106, p. 1. Per Beebe's proposed Order attached to the instant Motion to Strike, Beebe requests that the proposed Second Amended Complaint, Beebe's opposition to the Motion for Leave, and the Motion to Strike or Seal be removed from the record. *See*, R. Doc. 106-1.

[16] R. Doc. 106, p. 1. *See also*, R. Doc. 106-1, p. 1 ("The scurrilous allegations contained in that proposed complaint, however, remain in the record for public consumption. Mr. Beebe has suffered and continues to suffer prejudice from these false allegations, both personally and professionally, as the allegations have harmed his name and reputation. They should be stricken from the record, together with any related pleading and this pleading, or sealed from public view.").

[17] R. Doc. 109, p. 1.

## II. Law and Analysis

### A. Legal Standards

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." "The decision to grant or deny a motion to strike lies within the sound discretion of the trial court."[18] "[M]otions to strike are disfavored and should be used 'sparingly' because they are a 'drastic remedy to be resorted to only when required for the purposes of justice.'"[19] This Court has explained that "[a] motion to strike should be granted only when the challenged allegations are 'prejudicial to the defendant or immaterial to the lawsuit.'"[20]

With respect to Beebe's alternative request to seal the Second Amended Complaint, "[t]he Court, not the parties, 'has supervisory authority over its records.'"[21] This court has noted that "[t]he general rule is that Court records are to be open and accessible to the public."[22] "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'"[23] While a court "may deny access to records if the records become a vehicle for improper purposes,"[24] it "must use caution in exercising its discretion to place

---

[18] *K&F Restaurant Holdings, Ltd. v. Rouse*, Civil Action NO. 16-293, 2018 WL 3345294, at * 3 (M.D. La. July 9, 2018) (citing *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011), reconsideration granted in part on other grounds, 2012 WL 1230736 (E.D. La. Apr. 12, 2012)).

[19] *Id*.

[20] *Id*.

[21] *Trafficware Group, Inc. v. Sun Industries, LLC*, Civil Action No. 15-106, 2017 WL 2369376, at * 1 (M.D. La. May 30, 2017) (quoting *U.S. v. Holy Land Foundation for Relief and Development*, 624 F.3d 685, 689 (5th Cir. 2010)).

[22] *Id*.

[23] *Id*. (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988).

[24] *Holy Land Foundation*, 624 F.3d at 689.

4

records under seal."[25] The Fifth Circuit has instructed that a district court's "discretion to seal the record of judicial proceedings is to be exercised charily…"[26] and that the decision "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'"[27] "The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure."[28]

### B. The Court Will Seal the Proposed Second Amended Complaint and Related Filings

Beebe seeks to strike the proposed Second Amended Complaint (R. Doc. 38-3), Beebe's Opposition thereto (R. Doc. 58), and Beebe's Motion to Strike or Seal (R. Docs. 106, 106-2 through 106-4) pursuant to Federal Rule of Civil Procedure 12(f). However, Rule 12(f) only applies to *pleadings*, which are defined in FRCP 7(a).[29] "[M]otions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."[30] Accordingly, Beebe's request to strike is denied.

---

[25] *Id.*

[26] *Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

[27] *Holy Land Foundation*, 624 F.3d at 690 (quoting *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)).

[28] *Omega Hospital, LLC v. Community Ins. Co.*, Civil Action No. 14-2264, 2015 WL 13534251, at * (E.D. La. Aug. 12, 2015) (citing *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007)).

[29] FRCP 7(a) defines pleadings as only the following: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

[30] 5C Charles Alan Wright et al., Federal Practice & Procedure 1380 & n. 8.5 (3d ed. 2012). *See also*, *Pineida v. Lee*, Case No. 12-cv-01171, 2014 WL 2927160, at * 8 (N.D. Ca. June 26, 2014) ("Rule 12(f) applies only to pleadings, not proposed pleadings."). *But see*, *U.S. v. Coney*, 689 F.3d 365, 379, n. 5 (5th Cir. 2012) ("We assume without deciding that Barbara could file a motion to strike the Government's summary judgment filings pursuant to Rule 12(f)."). Even if Rule 12(f) applies here, motions to strike are "disfavored" and are to be used "sparingly" and Beebe has not shown that he is entitled to the drastic remedy of forever deleting the proposed pleading and briefing from the record of this suit. *Frank*, 828 F.Supp.2d at 852. To the extent Beebe seeks only to strike the allegations set out in the proposed Second Amended Complaint, the Court finds Plaintiffs' withdraw of that pleading does support a finding of immateriality. However, because Rule 12(f) does not apply to that proposed pleading, Beebe cannot use Rule 12(f) as a vehicle to excise the proposed Second Amended Complaint from the record.

In support of his alternative request to seal the proposed Second Amended Complaint, Beebe relies on criminal cases in which third parties successfully obtained expungement of their names from judicial records.[31] Beebe argues that he "is in an even better position that [sic] the movants" in those cases because he "has never been the subject or target of a criminal investigation."[32] Beebe argues that "[b]y making the allegations, and then withdrawing them, Plaintiffs have stigmatized Mr. Beebe as a criminal without giving him an opportunity to refute the allegations."[33] As noted above, Plaintiffs have no objection to the Motion to Strike or Seal. Although there is a strong presumption of public access to trial proceedings, the purpose underlying such right of public access is not triggered here, where the Court is considering access to a proposed pleading that was withdrawn. Considering Plaintiffs' lack of objection to sealing the proposed pleading and related filings,[34] the Court grants Beebe's alternative request to seal the proposed Second Amended Complaint (R. Doc. 38-3), Beebe's Opposition thereto (R. Doc. 58), and Beebe's Motion to Strike or Seal (R. Docs. 106, 106-2 through 106-4).

### C. The Court Will Not Strike or Seal Allegations in the Operative First Amended Petition

Beebe argues that the proposed Second Amended Complaint "is rife with false and defamatory allegations that Mr. Beebe engaged in criminal conduct"[35] and that "[b]ecause these allegations are contained in a pleading that has been withdrawn, they have no possible relation to

---

[31] *See*, R. Doc. 106-1, p. 9.

[32] R. Doc. 106-1, p. 9.

[33] R. Doc. 106-1, p. 9.

[34] *See*, R. Doc. 109, p. 1 ("For consistency and to fully complete the purpose of Movant's motion, Plaintiffs suggest that the motion itself and its supporting memorandum (Doc. Rec. 106 and 106-1), also be stricken or sealed in the same manner, in order to carry out the purpose of the motion.").

[35] R. Doc. 106-1, p. 8.

the controversy."[36] Many of the allegations which Beebe cites as false or scandalous were originally set forth in the First Amended Petition, which continues to be the operative pleading.[37] To the extent the Motion to Strike or Seal is intended to encompass the allegations in the First Amended Petition, relief is not appropriate. Such allegations are directly material to Plaintiffs' claims against FNBC, and the right of public access would squarely apply to any future request to seal the operative pleading in this suit.[38] To allow a party to strike such allegations as scandalous would open the door for similar arguments in every civil case in which fraud or misrepresentation has been alleged and to the extent Beebe asserts that the allegations should be stricken because they are false, this Court has explained that "disputed questions of fact cannot be decided on a motion to strike."[39] The Fifth Circuit has instructed that disputed pleadings that are material and minimally supported by the record should not be stricken because they "offend the sensibilities."[40]

### III. Conclusion

For the reasons set forth herein, the Motion to Strike, or in the Alternative, Motion to Seal[41] is **GRANTED IN PART**. The Clerk is directed to **SEAL** the proposed Second Amended

---

[36] R. Doc. 106-1, p. 2.

[37] *See*, R. Doc. 106-1, p. 2; R. Doc. 18-3, ¶¶ 33, 40, 47, 48, 68, 77. These allegations then were repeated in the comprehensive proposed Second Amended Complaint.

[38] *See*, *e.g.*, *In re Gitto Global Corp.*, 422 F.3d 1, 14-15 (1st Cir. 2005) (finding examiner's report containing allegations of fraud and mismanagement could not be filed under seal); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007) (denying motion to seal because "mere embarrassment or harm caused to the party is insufficient to grant protection under [scandalous or defamatory exception of section] 107(b)(2)"); *In re Hope*, 38 B.R. 423, 425 (Bankr. M.D. Ga. 1984) (finding allegations of fraud in complaint to be insufficient grounds to seal record). In *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521,556-557 (S.D.N.Y. 2002), the court struck allegations that were irrelevant and prejudicial. Here, and in contrast to the result in *G-I Holdings*, the allegations cited in the Motion to Strike or Seal that are also allegations in the First Amended Petition are relevant to Plaintiffs' claims against FNBC.

[39] *K&F Restaurant*, 2018 WL 3345294, at * 4.

[40] *Coney*, 689 F.3d at 380.

[41] R. Doc. 106.

Complaint (R. Doc. 38-3), Beebe's Opposition thereto (R. Doc. 58), and Beebe's Motion to Strike or Seal (R. Docs. 106, 106-2 through 106-4).

Signed in Baton Rouge, Louisiana, on October 21, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**