UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS MENDOZA, ET AL. | CIVIL ACTION |
| VERSUS | |
| DOYLE INTERNATIONAL LOUISIANA, LLC, ET AL. | NO: 17-00437-BAJ-EWD |

RULING AND ORDER

Before the Court is the **Joint Motion for Reconsideration (Doc. 48)** filed by Plaintiff-in-Intervention Hancock Whitney and the Federal Deposit Insurance Corporation ("FDIC") as receiver for Defendant First NBC Bank ("FNBC"). Hancock Whitney and the FDIC request the Court reconsider its Ruling and Order (Doc. 42), in which the Court declined to dismiss Plaintiffs' claims for intentional misrepresentation, fraudulent inducement, and annulment of the contract. For the reasons that follow, the Motion is **DENIED**.

I. BACKGROUND

A. Plaintiffs' Allegations

Plaintiffs allege that Defendant Jason Doyle ("Doyle") implemented a scheme whereby he enticed victims to invest in purported restaurant enterprises, which were never constructed or opened for business. (Doc. 18-3 at p. 2) Doyle and his associates instead diverted the money for personal use. (*Id.*) Plaintiffs further allege that FNBC participated in Doyle's scam. (*Id.*) FNBC Chief Executive Officer Ashton Ryan and

1

Senior Vice-President Fred Beebe allegedly knew that Doyle was defrauding investors and helped facilitate the fraud. (*Id.*) Plaintiffs claim that Ryan and Beebe approved a series of improper commercial loans to Doyle and his various shell business entities totaling over $800,000. (*Id.* at pp. 2-3.)

As part of this scheme, Plaintiffs allege that in 2012 Doyle and his associates, as well as Beebe, convinced Mendoza to invest $300,000 in an entity called LCN MOL, LLC ("LCN"). Doyle's company, Doyle International, was already the majority shareholder in LCN. (Doc. 1-2 at p. 3; Doc. 18-3 at p. 7). Doyle allegedly promised that the investment would be used to construct and operate a branch of the New Orleans-based restaurant La Crepe Nanou on Bluebonnet Boulevard in Baton Rouge. (*Id.*) The restaurant was never opened. (*Id.*)

Plaintiff further alleges that FNBC moved a portion of the $300,000 from the account that was to fund the restaurant to different accounts under Doyle's name and that these accounts were completely unrelated to the restaurant. (Doc. 18-3 at p. 9) Doyle then allegedly spent a portion of these funds on loan and interest payments to FNBC. (*Id.*) Plaintiffs brought claims against FNBC for fraud – specifically intentional misrepresentation and fraudulent inducement (Doc. 18-3; Doc. 1-2), annulment of a contract, intentional and negligent infliction of emotional distress, and conversion. (*Id.*)

### B. Motion to Dismiss and the Court's Ruling

On August 10, 2018, the FDIC, as receiver for FNBC, filed a Motion to Dismiss (Doc. 18) pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss all

2

## III. DISCUSSION

Hancock Whitney and the FDIC argue that the remaining claims against Defendant FNBC are predicated upon (1) alleged oral assurances by Defendant FNBC in connection with Plaintiffs' execution of a credit agreement, or (2) alleged failures by Defendant FNBC to disclose information to Plaintiffs. For this reason, the Hancock Whitney and the FDIC allege that Plaintiffs' remaining claims are barred by the Louisiana Credit Agreement Statutes ("LCAS"), La R.S. 6:1122 *et seq.* Hancock Whitney and the FDIC contend that under this statute, borrowers may state a claim against a financial institution in connection with a credit agreement only where they allege that the financial institution has violated the terms of a specific credit agreement. Hancock Whitney and the FDIC further contend that since Plaintiffs have failed to allege that FNBC violated the written terms of a credit agreement within meaning of the statute, they have failed to state a claim against Defendants FDIC and FNBC as a matter of law.

The Court finds that Plaintiffs did not allege that Defendants violated any oral assurances or any written agreement. Under the LCAS, "a debtor shall not maintain an action on a credit agreement unless the agreement is in writing...." La R.S. § 6:1122. According to the statute, actions on a credit agreement with a financial institution are confined to the LCAS; however, claims unrelated to a credit agreement may be brought against a financial institution. The Court finds that Plaintiffs' claims are unrelated to the credit agreement with Defendant; thus, the claims are not confined to the LCAS. Plaintiffs' remaining claims are predicated on the allegation

4

that despite Defendant FNBC's alleged knowledge of Defendant Doyle's questionable financial status and practices, Defendant allegedly aided in the misrepresentation to induce Plaintiff to invest in Defendant Doyle's business. The Court concludes that Plaintiffs' remaining claims, unrelated to the LCAS, will not be dismissed.

The Court also finds that Plaintiffs' remaining claims are not predicated on a Defendant's failure to disclose. Under the LCAS, "no financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties..., unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary." La R.S. § 6:1124. Plaintiffs claim regarding the Defendant's alleged breach of fiduciary duty was already dismissed by the Court for the failure to plead it correctly. Thus, there are no remaining claims alleging a fiduciary duty to disclose. Plaintiffs' claims for fraud and annulment of the contract are not predicated on the existence of an express or implied fiduciary duty between Defendant and Plaintiffs. The elements of intentional misrepresentation and fraudulent inducement do not require the allegation of a fiduciary relationship to correctly plead or prove them.[1] The Court finds that Plaintiffs' remaining claims are not based on alleged failures of Defendant to disclose;

---

[1] For intentional misrepresentation, a Plaintiff must plead: (1) a misrepresentation of a material fact; (2) made with intent to deceive; (3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 527 F.3d 412, 418 (5th Cir. 2008). For fraudulent inducement, a Plaintiff must show : (1) the defendant engaged in a misrepresentation, suppression, or omission of true information; (2) the defendant intended to obtain an unjust advantage or to cause damage or inconvenience to another; (3) the error induced by defendant's fraudulent act substantially influenced the victim's consent to contract. *Envtl. Safety & Health Consulting Services v. Crest Energy Partners, L.P.*, 13-CV-5747, 2015 WL 2452458, at *4 (E.D. La. 2015) (citing *Shelton v. Standard/700 Associates*, 01-0597 (La. 10/16/01).

thus, Plaintiffs' claims are not barred by the LCAS. The Court finds no reason to reconsider its Ruling and Order. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider is **DENIED**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**