UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS MENDOZA, ET AL.                                CIVIL ACTION

VERSUS

DOYLE INTERNATIONAL                                    NO: 17-00437-BAJ-EWD
LOUISIANA, LLC, ET AL.

RULING AND ORDER

Before the Court are **Motions for Summary Judgments** filed by Defendant Federal Deposit Insurance Commission ("FDIC"), as Receiver for First NBC Bank ("FNBC") (Doc. 69), Plaintiff-in-Intervention Hancock Whitney Bank ("Hancock Whitney") (Doc. 86), and Plaintiff/Defendant-in-Intervention Douglas Mendoza (Doc. 119). For the reasons that follow, Defendant's Motion is **GRANTED**, Plaintiff-in-Intervention's Motion is **GRANTED,** and Plaintiff's Motion is **DENIED**.

I.  BACKGROUND

This matter arises from a suit for fraud against FNBC on a promissory note. On January 13, 2012, Plaintiff Mendoza executed a promissory note in connection with a $300,000.00 loan from FNBC to invest with Jason Doyle and Doyle Intentional (Doc. 69-2 at p. 1). The loan was used to purchase a 49.5% interest in LCN MOL LLC, a company in which Doyle International was the majority shareholder. The purpose of Mendoza's investment was to construct and operate a restaurant in Baton Rouge called "La Crepe Nanou." (Id.). However, the restaurant was never constructed.

On October 15, 2014, Mendoza filed suit in against Doyle International, Doyle,

1

and his business partners, Frank Simoncioni, John Moak, and Steve Gingrich, as a well as FNBC for Fraud in the Nineteenth Judicial District Court in East Baton Rouge Parish. In 2016, Doyle pleaded guilty to fraud charges and Mendoza obtained a judgment against Doyle and a settlement with Frank Simoncioni.[1] On December 30, 2016, Whitney Hancock purchased Mendoza's loan from FNBC. On April 28, 2017, FNBC ceased operations and the FDIC was confirmed as the receiver of FNBC. (Id. at p. 2). On July 9, 2017, the FDIC removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. 1331. (Doc. 1 at p. 3). The FDIC filed a Motion to Dismiss on August 10, 2018, seeking to dismiss all claims against it. (Doc. 18). The Court granted the motion in part, permitting Mendoza's claims for intentional misrepresentation, fraudulent inducement, and annulment of the contract to proceed. (Doc. 42).

The FDIC filed a motion for summary judgment, asserting that Mendoza cannot carry his burden of showing that it is liable for fraud. (Doc. 69). Whitney Hancock also filed a motion for summary judgment, asserting that the promissory note is enforceable and due. (Doc. 86). Finally, Mendoza filed a motion for summary judgment, asserting that the promissory note was a relative nullity due to fraud, lack of intent to fund his loan, and a want of consideration for the promissory note.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[1] The parties did not provide a specific date as to when Doyle pleaded guilty to the fraud charges.

2

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

3

affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. DISCUSSION

A.    Is the FDIC Insulated from Liability Under 12 U.S.C. §1823(e)?

Mendoza's remaining claims against the FDIC are for (1) intentional misrepresentation, (2) fraudulent inducement, and (3) annulment of the contract. The FDIC claims that there is no genuine issue of material fact that Mendoza cannot prevail on any of his claims against it as receiver for FNBC.

The FDIC argues that 12 U.S.C. §1823(e) insulates them, as receivers for FNBC, from Mendoza's claims. Also known as the *D'Oench Duhme* doctrine, § 1823(e) provides that no agreement which tends to diminish or defeat the right, title, or interest of the FDIC in any asset acquired by it shall be valid against them, unless the agreement (1) is in writing; (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution; (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee; and (4) has been continuously, from the time of its execution, an official record of the depository institution. See *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 90 (1987). In simpler terms, the FDIC is generally insulated from liability for claims predicated on unrecorded side agreements that would diminish or defeat

4

its interest in an asset that the FDIC acquired from a failed bank.

There are two primary defenses to the *D'Oench Duhme* doctrine. The first is the "no agreement" defense, which arises when the dispute does not involve an agreement. See *Langley v. Federal Deposit Insurance Corporation*, 484 U.S. 86 (1987). The second is the "no asset" defense, which arises when the dispute does not involve an asset in which the FDIC has an interest. See *F.D.I.C. v. Maryland*, 33 F.3d 532, 537 (5th Cir. 1994). Mendoza argues that the relevant asset referenced by § 1823(e) is Mendoza's promissory note, which was sold in 2016 to Hancock Whitney. Mendoza further argues that the *D'Oench Duhme* doctrine is not applicable because the "no asset" defense applies, as the promissory note was never acquired or held by the FDIC. (Doc. 81-24 at p. 2).

The Court finds that the *D'Oench Duhme* doctrine is inapplicable because the FDIC never acquired the asset (*i.e.*, the promissory note). For Section 1823(e) to apply, the FDIC must have a right, title, or interest in the asset relevant to the dispute. The "no asset" exception has been applied where the asset has been voided, extinguished, or sold prior to the date that the FDIC became a receiver for a failing bank, as the FDIC does not have a right, title, or interest in an asset that it did not acquire during the receivership. See *F.D.I.C. v. McFarland*, 33 F.3d 532, 537-38 (5th Cir. 1994); *Olney Sav. & Loan Ass'n v. Trinity Banc Sav. Ass'n*, 885 F.2d 266, 275 (5th Cir. 1989). The Court finds that the FDIC does not have a right, title, or interest in the promissory note because the FDIC never acquired the promissory note. Hancock Whitney acquired the note in 2016, before the FDIC became receiver for FNBC in

2017.

The Court finds that the *D'Oench Duhme* doctrine is inapplicable because Mendoza's claims are not predicated on any unrecorded agreement regarding the note or any agreement at all; thus, the "no agreement" defense also applies. Mendoza's claims are predicated on the non-disclosure of what Mendoza deemed to be material information concerning Doyle's business practices, not an agreement. Thus, the Court is prevented from applying the doctrine to bar Mendoza's claims.

**B. Fraud**

Mendoza, in his Motion, asserts fraud as a basis to annul the promissory note. Under La. Civ. Code art. 1953, fraud is "a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Mendoza's fraud claims are for intentional misrepresentation and fraudulent inducement.

**1. Intentional Misrepresentation**

In his Amended Complaint, Mendoza alleges that Fred Beebe, Senior Vice President of FNBC, "knew of but never once disclosed Doyle's serious financial problems" to Mendoza or "warned him that Doyle's restaurant franchise proposals were nothing more than fraudulent scams." (Doc. 18-3 at p. 5). To prevail at the summary judgment phase on intentional misrepresentation, a plaintiff must prove that the defendant (1) misrepresented a material fact, (2) made with intent to deceive, (3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 527 F.3d 412, 418 (5th Cir. 2008). To establish a

6

claim for intentional misrepresentation by silence or inaction, a plaintiff also must show that the defendant owed a duty to the plaintiff to disclose the information. *Id.*

The Court finds that Mendoza cannot prevail on his fraud claim because he has failed to establish that Beebe owed him a duty to disclose. Because Mendoza alleges that Beebe failed to disclose information about Doyle, —which renders this conduct an alleged intentional misrepresentation by silence or inaction —Mendoza was required to prove that FNBC owed a duty to him to disclose the information about Doyle. To establish a duty to disclose, FNBC must have had a fiduciary obligation to Mendoza. Under La. R.S. § 6:1124, "no financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers...unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary." This Court dismissed Mendoza's breach of fiduciary duty claim in its Ruling and Order on the FDIC's Motion to Dismiss (Doc. 42). The Court found no fiduciary relationship then, and since this Ruling and Order, Mendoza still has not produced evidence to establish a written agreement by FNBC establishing a fiduciary relationship; thus, the Court cannot find that FNBC had a duty to disclose or warn Mendoza of Doyle's previous questionable actions.

### 2. Fraudulent Inducement

To prevail on a fraudulent inducement claim, a plaintiff must show that (1) defendant engaged in a misrepresentation, suppression, or omission of true information; (2) the defendant intended to obtain an unjust advantage or to cause

7

damage or inconvenience to another; (3) the error induced by defendant's fraudulent act substantially influenced the victim's consent to contract. *Envtl. Safety & Health Consulting Services v. Crest Energy Partners, L.P.*, 13-CV-5747, 2015 WL 2452458, at *4 (E.D. La. 2015). The FDIC argues that Mendoza, in his deposition, never testified that Beebe convinced him to invest $300,000.00. The FDIC further argues that Mendoza testified in his deposition to facts that reveal that he already planned to invest the funds before he approached FNBC for a loan.

The Court finds that there is no genuine issue of material fact to show that Mendoza was fraudulently induced to execute the promissory note with FNBC. The Court has previously found that no intentional misrepresentation occurred by Beebe or anyone else at FNBC; thus, Mendoza has failed to satisfy the first element. The Court also finds that the third element is not satisfied. In Mendoza's deposition, he revealed that he had decided to invest with Doyle before he entered into the promissory note with FNBC. *See* Mendoza's Deposition, Doc. 69-5 at p. 26). In fact, Mendoza had previously approached other lenders before he approached FNBC. (Id. at p. 27). Thus, Mendoza has failed to present evidence to show that he was fraudulently induced to execute the promissory note by Beebe or anyone else at FNBC, and the FDIC, as receiver of FNBC, is entitled judgment as a matter of law.

### 3. Contract Annulment

The Court also finds that Mendoza has failed to establish fraud as basis on which to annul the promissory note. Thus, Mendoza is not entitled to the annulment of the promissory note as a matter of law.

8

C.  Hancock Whitney's Motion for Summary Judgment

In its motion, Plaintiff-in-Intervention Hancock Whitney asserts that there are no genuine issues of material fact as to the enforceability of the promissory note. To make a prima facie case of enforceability, Hancock Whitney must first produce the promissory note. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). The burden then shifts to Mendoza to prove any affirmative defenses. *Id.* Considering the Court's finding that the FDIC is entitled to summary judgment as a matter of law, the Court also finds that Hancock Whitney is entitled to the same. Hancock Whitney has met its burden by producing evidence of the promissory note and its acquisition thereof. See Doc. 86-3 at p. 4-12. The burden then shifted to Mendoza to prove the affirmative defense of fraud regarding the validity of the note. Mendoza was unable to establish an intentional misrepresentation and that he was fraudulently induced to execute the promissory note; thus, Mendoza has failed to show that the promissory note is unenforceable. Therefore, Hancock Whitney is entitled to judgment as a matter of law.

IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant FDIC's Motion for Summary Judgment (Doc. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff-in-Intervention Hancock Whitney's Motion for Summary Judgment (Doc. 86) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff/Defendant-in-Intervention

Douglas Mendoza's Motion for Summary Judgment (Doc. 119) is **DENIED**.

**IT IS FURTHER ORDERED** that all claims by Mendoza against the FDIC are **DISMISSED**.

Baton Rouge, Louisiana, this 12th day of February, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**