UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DOUGLAS MENDOZA, ET AL.**                    **CIVIL ACTION**

**VERSUS**

**DOYLE INTERNATIONAL**                     **NO: 17-00437-BAJ-EWD**
**LOUISIANA, LLC, ET AL.**

## RULING AND ORDER

Before the Court is the Plaintiff Douglas Mendoza's **Motion to Reconsider Rulings on Motions for Summary Judgment (Doc. 141)**. Plaintiff requests the Court reconsider its Ruling and Order (Doc. 139), in which the Court granted the Motions for Summary Judgment filed by Plaintiff-in-Intervention Hancock Whitney Bank ("Hancock Whitney") (Doc. 86) and the Federal Deposit Insurance Commission ("FDIC") (Doc. 69) and denied the Motion for Summary Judgment filed by Plaintiff (Doc. 119), resulting in the dismissal of his remaining claims. Hancock Whitney opposes this motion. For the reasons that follow, the Plaintiff's Motion is **DENIED**.

**I. BACKGROUND**

Upon the filing of the Motions for Summary Judgment, Plaintiff pursued three claims remaining after the Court's Ruling on Defendant's Motion to Dismiss (Doc. 42): (1) intentional misrepresentation, (2) fraudulent inducement, and (3) annulment of a contract. (Doc. 42). In the Ruling and Order on the Motions for Summary Judgment (Doc. 139), the Court dismissed all three claims. The Court found no

1

intentional misrepresentation because Plaintiff failed to prove that Fred Beebe, Senior Vice President of First NBC Bank, owed him a duty to disclose. (Doc. 119 at p. 7). The Court also found no fraudulent inducement because, in addition to having failed to show that Fred Beebe of FNBC engaged in a misrepresentation, Plaintiff also failed to show that he was influenced by FNBC to enter the contract. (Id. at p. 8). Because Plaintiff could not prove fraud on the part of FNBC, the Court found no basis on which to annul Plaintiff's contract. (Id.). The Court granted Defendant FDIC's Motion and denied Plaintiff's Motion.

The Court also granted Hancock Whitney's Motion for Summary Judgment. Hancock Whitney proved its prima facie case of enforceability of Plaintiff's promissory note by producing the note with Plaintiff's signature. The burden then shifted to Plaintiff to prove any affirmative defenses. The Court found that Plaintiff did not prove any basis to decline the enforceability of the note. (Id. at p. 9).

Plaintiff has now filed the instant motion, pursuant to Federal Rule of Civil Procedure 59(e), requesting the Court to reconsider its Ruling and Order. Plaintiff asserts that there was a lack of consideration, or in the alternative, the consideration failed, and that FNBC breached the contract. Hancock Whitney opposes this motion, asserting that Plaintiff presents no new evidence and fails to allege a manifest error of law or fact by the Court, instead asserting untimely affirmative defenses and an unpleaded claim for breach of contract.

## II.   DISCUSSION

### A.   Lack of Consideration/ Failure of Consideration

Plaintiff argues entitlement to summary judgment because his contract lacked consideration because FNBC never funded Plaintiff's loan. (Doc. 141-1 at p. 3). Plaintiff contends that FNBC had a plan to take the check issued to Plaintiff and use it to pay other overdrawn accounts. (Id.). Plaintiff argues that although FNBC issued a check for the loan amount to him and he endorsed the check and presented it to FNBC, FNBC then deposited the check into the account of Doyle International and was never seen again by Plaintiff. (Id. at p. 4). In the alternative, Plaintiff argues that if consideration was given, it failed because FNBC disbursed funds to different accounts without Plaintiff's knowledge. Plaintiff cites no cases supporting its contention that FNBC's subsequent actions constitute a failure of consideration.

Hancock Whitney asserts that Plaintiff has failed to come forth with new, previously unavailable evidence, as required by Fed. R. Civ. P. 59. Hancock Whitney further contends that Plaintiff has rehashed the same arguments as asserted in its Motion for Summary Judgment and oppositions to the other Motions for Summary Judgment. Hancock Whitney argues that consideration was present and never failed. The loan was funded because Plaintiff admitted to receiving a check for the loan proceeds from FNBC. Hancock Whitney further argues that Plaintiff has waived his right to assert lack of consideration and failure of consideration because these are affirmative defenses that should have been asserted in his answer to Hancock Whitney's Complaint of Intervention (Doc. 13).

### 1. Lack of Consideration and Failure of Consideration are Untimely Asserted Affirmative Defenses.

Federal Rule of Civil Procedure 8(c)(1) provides "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." The affirmative defenses listed in Rule 8(c)(1) is an illustrative list on which "failure of consideration" is specifically expressed. Although not expressed on Rule 8's list, "lack of consideration" is also recognized as an affirmative defense. *Resolution Trust Corp. v. Pardo*, 980 F.2d 1445 (5th Cir. 1992); *Pace Concerts, Inc. v. Smith*, 990 F.2d 626 (5th Cir. 1993). The United States Court of Appeals for the Fifth Circuit has held that the failure to plead an affirmative defense may result in a wavier and the exclusion of the defense from the case. *LSREF2 Baron v. L.L.C. v. Tauch*, 751 F.3d 394,398 (5th Cir. 2014); *Morris v. Homco Intern., Inc.,* 853 F.2d 337, 342 (5th Cir. 1988). A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The fair notice requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). The Fifth Circuit has considered whether a justification exists for the delay in raising defenses. *Woodman*, at 363; *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.,* 767 F.2d 184 (5th Cir. 1985). Where there is no justification for the delay, the Fifth Circuit recognized that the affirmative defenses were waived. See *Id.*

Hancock Whitney filed a Complaint in Intervention (Doc. 13), to which Plaintiff filed an answer (Doc. 26). Plaintiff did not list lack of consideration nor failure of consideration as affirmative defenses in his answer. Plaintiff asserted these defenses for the first time in his Motion to Summary Judgment and oppositions to the summary judgment motions filed by the FDIC and Hancock Whitney.

The Court finds that Plaintiff's assertion of lack of consideration and failure of consideration at the motion for summary judgment stage and motion for reconsideration phase is untimely. Rule 8 requires Plaintiff to have asserted these defenses in his answer to Hancock Whitney's Complaint in Intervention. Discovery has already been propounded on the allegations and affirmative defenses that Plaintiff previously asserted in his answer, and both the FDIC and Hancock Whitney relied on the information from this discovery when preparing their motions for summary judgment. Plaintiff's failure to timely assert these affirmative defenses did not provide Hancock Whitney, the holder of the note, with fair notice because Plaintiff failed to sufficiently articulate the defenses in his answer such that Hancock Whitney would not be a victim of unfair surprise. The Court's reconsideration of its Ruling and Order based on these affirmative defenses would undoubtedly prejudice Hancock Whitney. Plaintiff presents no justification for the delay; thus, the Court must conclude that Plaintiff's failure to timely assert such defenses constitutes a waiver of these affirmative defenses.

**B.    Breach of Contract**

Plaintiff argues that the summary judgment ruling was not appropriate because FNBC breached a contractual duty under its Business Loan Agreement. (Doc 141-1 at p. 5). Hancock Whitney argues that Plaintiff has never pleaded a breach of contract claim in his Complaint, and that Plaintiff should not be permitted to amend his pleadings through a motion for reconsideration.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

The Court finds that Plaintiff's breach of contract argument is not supported by the statutory purpose of a Rule 59(c) motion. Rather, it is an attempted improper expansion of his pleadings. The record reflects that Plaintiff never pleaded a claim for breach of contract in his Complaint. Plaintiff's argument for breach of contract is not based on any newly discovered evidence or on any allegation that the Court committed a manifest error of law or fact. The Court finds that Plaintiff cannot now plead a new claim in the instant motion, especially when the deadline to amend his Complaint has expired.[1] Because Plaintiff has failed to point to newly discovered evidence or proven that the Court has committed a manifest error of law or fact as

---

[1] According to the scheduling order, the deadline to amend pleadings was January 31, 2019. *See* Doc. 37.

required for relief under Rule 59(e), the Court finds no basis to reconsider its Ruling and Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

Baton Rouge, Louisiana, this 16th day of April, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**