## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS MENDOZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **DOYLE INTERNATIONAL LOUISIANA, LLC, ET AL.** | **NO. 17-00437-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is Plaintiff-in-Intervention Hancock Whitney Bank's ("Whitney") **Re-Urged Motion To Enter Final Money Judgment And Fix Amount Of Attorneys' Fees And Legal Expenses (Doc. 168)**. Plaintiff/Defendant-in-Intervention Douglas K. Mendoza ("Mendoza") opposes Whitney's Motion (Doc. 169). For reasons to follow, Whitney's Motion will be granted in all respects, *except* with regard to Whitney's request to recover the costs of its expert Jacqueline C. Tuthill, CPA, CFE, CFF.

### I.  BACKGROUND

To recall, Mendoza borrowed $300,000 from now-defunct First NBC Bank ("FNBC") in order to purchase a 49.5% share in La Crepe Nanou, a failed Baton Rouge restaurant venture. Whitney now owns the promissory note (the "Note") executed by Mendoza on January 13, 2012 in connection with the original $300,000 loan (having purchased it from FNBC). Whitney also owns the Business Loan Agreement ("BLA") and the Commercial Security Agreement ("CSA") executed by Mendoza at the same time that he executed the Note. The BLA and CSA set forth additional obligations related to the Note.

Collectively, the Note, the BLA, and the CSA unambiguously require Mendoza to pay Whitney's attorneys' fees, legal expenses, and costs in the event of a dispute to enforce the Note.

Specifically, the Note provides:

**ATTORNEYS FEES; EXPENSES.** If Lender [Whitney] refers this Note to an attorney for collection, or files suit against Borrower [Mendoza] to collect this Note . . . Borrower agrees to pay Lender's reasonable attorney's fees in an amount not exceeding 25.000% of the principal balance due on the loan.

(Doc. 86-5 at 130).

The Business Loan Agreement provides:

**Attorneys' Fees; Expenses.** Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the Loan and Lender's legal expenses, incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement, and Borrower shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorney's fees in an amount not exceeding 25.000% of the principal balance due on the Loan and legal expenses whether or not there is a lawsuit . . . . Borrower shall also pay all court costs and such additional fees as may be directed by the court.

(Doc. 86-5 at 137).

The Commercial Security Agreement provides:

**Attorneys Fees; Expenses.** Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the Indebtedness and Lender's legal expenses incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement, and Grantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the indebtedness and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the

2

indebtedness and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services.  Grantor also shall pay all court costs and such additional fees as may be directed by the court.

(Doc. 86-5 at 143).

For reasons not relevant here, on October 14, 2014, Mendoza sued his partners in the Crepe Nanou venture, as well as FNBC. Mendoza initiated his action in Louisiana state court. After FNBC's collapse, the FDIC was appointed FNBC's receiver and removed Mendoza's action to this Court.

Ultimately, Mendoza defaulted on the Note. By letter dated May 7, 2018, Whitney notified Mendoza of his default and made demand for full payment of the outstanding principal, accrued interest, and other charges within 30 days. (Doc. 86-3 at 11). Mendoza did not respond, and on July 2, 2018 Whitney intervened in this action, seeking to enforce its rights and to recover the principal due under the Note, plus interest, plus attorneys' fees, plus "all costs of this proceeding." (Doc. 13 at pp. 6-7).

On June 25, 2019, Whitney moved for summary judgment on the issue of Mendoza's "indebtedness to Whitney," seeking a "judgment in Whitney's favor and against Mendoza for the amount of indebtedness set forth in the attached affidavit of David C.L. Gibbons." (Doc. 86-1 at 19). In turn, Mr. Gibbons's June 18, 2019 affidavit established that Mendoza owed Whitney the principal sum of $203,812.21; *plus* accrued interest through June 7, 2019 totaling $30,082.44; *plus* continuing interest from June 8, 2019, accruing at a rate of 21% *per annum*; *plus* late fees of $216.52; *plus* collection costs; *plus* attorneys' fees; *plus* the costs of this proceeding. (Doc. 86-3

at ¶ 5).

On February 12, 2020, the Court issued its order granting Whitney's summary judgment motion in full. (Doc. 139 at 9). The Court's February 12 Order determined that Whitney had proved its claims and was entitled to judgment as a matter of law, but did not itemize Whitney's damages award. (*Id.* at 9). Likewise, the Court's February 12 Order did not address the issue of attorneys' fees or costs. (*Id.*).

On February 28, 2020, Mendoza moved to vacate the Court's February 12 Order. (Doc. 141).

On April 16, 2020, the Court denied Mendoza's motion to vacate. (Doc. 145).

Also on April 16, the Court issued its Judgment dismissing this action with prejudice. (Doc. 146). Again, the Court's April 16 Judgment did not itemize Whitney's damages award, and did not address the issue of attorneys' fees or costs. (*Id.*).

On April 30, 2020, Whitney timely filed its original Motion To Enter Final Money Judgment And Fix Amount Of Attorneys' Fees And Legal Expenses. (Doc. 152, the "Original Motion to Enter Final Judgment"). Whitney's Motion sought to achieve two things: first, to amend the Court's April 16 Judgment to set forth Mendoza's "total amount of the indebtedness," pursuant to Federal Rule of Civil Procedure ("Rule") 59(e); second, to obtain an award of attorneys' fees, costs, and legal expenses, pursuant to Rule 54(d). (Doc. 152).

On May 13, 2020, as Whitney's Motion was pending, Mendoza appealed the Court's April 16 Judgment to the U.S. Court of Appeals for the Fifth Circuit, thereby effectively delaying the Court's consideration of Whitney's April 30 Motion. (Doc.

155).

On February 9, 2021, the Fifth Circuit issued its Judgment and Mandate affirming this Court's April 16, 2020 Judgment. (Doc. 166). Relevant here, the Fifth Circuit's February 9 Judgment also ordered Mendoza to pay Whitney's "costs on appeal." (*Id.* at 3).

On February 18, 2021, this Court terminated Whitney's Original Motion to Enter Final Judgment, and ordered Whitney to file a new motion within 21 days to account for any additional costs incurred on appeal. (Doc. 167).

On March 11, 2021, Whitney timely filed its Re-Urged Motion To Enter Final Money Judgment And Fix Amount Of Attorneys' Fees And Legal Expenses (Doc. 168, the "Re-Urged Motion To Enter Final Judgment"). Whitney's Re-Urged Motion again seeks a damages award consistent with the principal balance, interest, and late fees set forth in Mr. Gibbons's June 18, 2019, and further seeks attorneys' fees equal to 25% of the principal, plus costs and litigation expenses, including expert witness costs. (Doc. 168 at 2).  Mendoza opposes Whitney's Re-Urged Motion. (Doc. 169).

## II.   ANALYSIS

The Court's analysis proceeds in two parts: first, the Court considers Whitney's request to amend the Court's April 16 Judgment to set forth Mendoza's "total amount of the indebtedness," pursuant to Rule 59(e); second, the Court considers Whitney's request for award of attorneys' fees, costs, and legal expenses, pursuant to Rule 54(d).

### A. Whitney's request to amend the Court's April 16 Judgment to reflect damages owed to Whitney under the Note will be granted, pursuant to Rule 59(e)

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004 (quotation marks omitted). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Fitzmaurice v. United States*, No. 96-cv-3064, 2001 WL 306660, at *1 (S.D. Tex. Feb. 22, 2001) (Rainey, J.) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)); *see also Meghani v. Shell Oil Co.*, No. 00-cv-0547, 2000 WL 33993306, at *1 (S.D. Tex. Aug. 24, 2000) (Atlas, J.) (same, quoting *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999)).

Here, the Court's April 16 Judgment was obviously incomplete (and therefore incorrect) to the extent that it failed to set forth Whitney's damages. After all, Whitney's summary judgment motion specifically sought a "judgment in Whitney's favor and against Mendoza for the amount of indebtedness set forth in the attached affidavit of David C.L. Gibbons." (Doc. 86-1 at 19). The Court's February 12 Order granted Whitney's summary judgment motion in full, albeit without an itemization of Whitney's damages under the Note. (Doc. 139 at 9). Thereafter, the Court's April 16 Judgment dismissed this action with prejudice, again without an itemization of Whitney's damages. (Doc. 146).

By its Original Motion To Enter Final Judgment, Whitney timely sought to correct the Court's obvious oversight. (Doc. 152). The Court delayed ruling on

Whitney's Original Motion to allow Mendoza's appeal to run its course. When the Fifth Circuit affirmed the April 16 Judgment, the Court ordered Whitney to file a renewed motion accounting for additional costs on appeal. Whitney responded by timely filing its Re-Urged Motion To Enter Final Judgment. (Doc. 168).

In sum, the Court's April 16 Judgment was incomplete, and did not accurately reflect the result set forth in the Court's February 12 Order, and Whitney timely pointed out the error. Pursuant to Rule 59(e), the Court's April 16 Judgment will be amended to reflect Whitney's damages under the Note. Specifically, an amended judgment will be entered reflecting a money judgment in Whitney's favor and against Mendoza, for:

- The full principal sum of Two Hundred Three Thousand Eight Hundred Twelve and 21/100 Dollars ($203,812.21); *plus*

- Accrued interest thereon through June 7, 2019, in the amount of Thirty Thousand Eighty-Two and 44/100 Dollars ($30,082.44); *plus*

- Interest continuing to accrue on the unpaid principal balance at a rate of Twenty-One Percent (21%) *per annum* from June 8, 2019 onward; *plus*

- Late fees of Two Hundred Sixteen and 52/100 Dollars ($216.52); *plus*

- All collection costs, whether owing now or in the future.

Additionally, the amended judgment shall reflect that Mendoza will pay Whitney's attorneys fees and litigation expenses, as well as the costs of these proceedings, as set forth below.

### B. Whitney's request for attorneys' fees and costs—including expert witness costs—will be granted in substantial part, pursuant to Rule 54(d)

Rule 54(d) awards "costs—other than attorney's fees—… to the prevailing

party," and also allows a party to seek "attorney's fees and related nontaxable expenses" by filing a motion "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(1), (2).

Under Rule 54(d)(1), an award of costs to the prevailing party is almost (but not quite) automatic: "denial of costs is in the nature of a penalty for some defection … in the course of the litigation," and therefore must be justified by a reasoned decision. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quoting *Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017). ("Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." (quotation marks omitted)).

By contrast, under Rule 54(d)(2), a prevailing party generally may *not* recover attorneys' fees and other litigation expenses, *unless* such fees and expenses are specifically provided by "statute, rule, or other grounds entitling the movant to the award." *See* Fed. R. Civ. P. 54(d)(2)(B)(ii). Such "other grounds" may include a contract among the parties. *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) ("[M]otions for attorney's fees provided by contract are permissible under Rule 54(d)(2).").

Here, Whitney prevailed in its motion for summary judgment against Mendoza, without qualification. As such, Whitney is entitled to recover the cost of these proceedings in this Court, *in addition to* the costs related to Mendoza's appeal, taxed by the Fifth Circuit.

Likewise, Whitney is entitled to attorneys' fees. Louisiana law provides that a party *may* recover attorneys' fees based "the contract between the parties," and the Court sees no good reason to deviate from the contract in this case. *Perry v. Chevron U.S.A., Inc.*, 887 F.2d 624, 629 (5th Cir. 1989); *see Spinks v. Chevron Oil Co.*, 507 F.2d 216, 226 (5th Cir. 1975) ("There is no good reason not to enforce all of the contract, including Labor Services' liability for attorney fees. Since the right is contractual, the court does not possess the same equitable discretion to deny attorney's fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees."), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). The Note, the BLA, and the CLA each afford Whitney "reasonable attorney's fees in an amount not exceeding 25.000% of the principal balance due on the loan." (*See* Doc. 86-5 at 130). Whitney limits its request for attorneys' fees to $50,953.05, or exactly 25% of the principal balance due under the Note. Counsels' contemporaneous, line-item timesheets are descriptive of the work performed, and establish that counsel expended 471.10 hours pursuing judgment against Mendoza. (*See* Doc. 168 at ¶ 5). A fee award just shy of $51,000 represents an hourly rate of $108, which is a substantial reduction from the prevailing rates in this community for the type of work performed here. This fee award is eminently reasonable.[1]

---

[1] The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the Court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

This leaves only the question of whether Whitney may recover the costs of its expert witnesses, Jacqueline C. Tuthill, CPA, CFE, CFF, and Charles Parrott. Here, again, Louisiana law controls; and, again, Louisiana law directs the Court to enforce the terms of the contract between the parties. *See Shields v. Ponsaa*, 01-1283 (La. App. 5 Cir. 2/26/02), 811 So. 2d 1058, 1061 ("Cavalier also claims that he is entitled to attorneys fees and costs pursuant to the Exclusive Listing Contract. He is correct. The contract provides for attorneys' fees and costs in the event that Ponsaa 'causes the employment of counsel to enforce this contract.'"); *cf. Chumley v. Today's Realty, Inc.*, 43,676 (La. App. 2 Cir. 11/5/08), 995 So. 2d 676, 685, on reh'g (Nov. 25, 2008) (district court properly taxed costs of plaintiff's expert CPA to defendant under La. R.S. 13:3666), *writ denied* 2008-2999 (La. 2/20/09), 1 So. 3d 498.

As noted above, the BLA obligates Mendoza to "pay … all of [Whitney's] costs and expenses" incurred to enforce Mendoza's obligations under the Note, including costs of "hir[ing] or pay[ing] someone else to help enforce this Agreement." (Doc. 86-5 at 137). The CSA provides the same. (Doc. 86-5 at 143). The Court finds that these contractual terms are broad enough to cover Whitney's litigation costs and expenses related to expert witnesses. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (district court abused discretion by failing to award nontaxable costs totaling $269,484.96 where the parties' contract contained "broad enough language to cover the award of both taxable and nontaxable costs related to

---

Here, the Court finds that counsels' hours are reasonable given the scope and outcome of this litigation, and that counsels' reduced hourly rate is certainly appropriate. Accordingly, the Court approves Whitney's requested fee award without adjustment.

litigation arising out of the contract").

Whether Whitney's request for expert costs is reasonable is another matter. *See Dakmak v. Baton Rouge City Police Dep't*, 2012-1850 (La. App. 1 Cir. 9/4/14), 153 So. 3d 511, 514 ("Most importantly, expert witnesses are entitled only to reasonable compensation."). Here, again, Whitney has supported its request with its experts' contemporaneous timesheets, yielding total costs of $84,395.57. (*See* Doc. 168-3 at ¶ 10; *see also id.* at pp. 91-102). Unfortunately, a substantial portion of these timesheets fail to provide the Court any specificity whatsoever regarding the actual work performed. Specifically, Whitney's first expert, Ms. Tuthill of Legier & Company, billed 288 hours—totaling $60,562.50—exclusively to "Litigation Support Services." (*See* Doc. 168-3 at 91-95). Ms. Tuthill's "block billing" makes it impossible to determine the reasonableness of her fee, absent additional evidence of the specific work performed. Accordingly, the Court will deny Whitney's request to recover Ms. Tuthill's cost, without prejudice to Whitney's right to resubmit its application supported by more specific timesheets or other records. *See Dakmak*, 153 So. 3d at 516 (vacating district court's award of expert costs based on nondescript invoices: "Without more direct evidence on the specific work performed by the experts out-of-court and the value of the out-of-court claims, the trial court had no basis to determine the reasonableness of those claims.").

By contrast, Whitney's second expert, Mr. Parrot of Adams and Reese LLP, has submitted contemporaneous timesheets that are adequately descriptive of the work he performed. Mr. Parrot's timesheets establish that he provided 41.1 hours of expert

services—including preparation of an expert report—at an hourly rate of $390, yielding a total bill of $15,639. The Court determines that Mr. Parrot's fee is reasonable in light of the services rendered, and the result obtained. Accordingly, under the terms of the BLA and CSA, Mr. Parrot's fee of $15,639 will also be taxed against Mendoza.

## III.    CONCLUSION

**IT IS ORDERED** that Whitney's **Re-Urged Motion To Enter Final Judgment (Doc. 168)** be and is hereby **GRANTED IN PART**. Specifically, an amended judgment will be entered in favor of Whitney, and against Mendoza, for:

- The full principal sum of Two Hundred Three Thousand Eight Hundred Twelve and 21/100 Dollars ($203,812.21); *plus*

- Accrued interest thereon through June 7, 2019, in the amount of Thirty Thousand Eighty-Two and 44/100 Dollars ($30,082.44); *plus*

- Interest continuing to accrue on the unpaid principal balance at a rate of Twenty-One Percent (21%) *per annum* from June 8, 2019 onward; *plus*

- Late fees of Two Hundred Sixteen and 52/100 Dollars ($216.52); *plus*

- All collection costs, whether owing now or in the future; *plus*

- Attorneys' fees in the amount of Fifty Thousand Nine Hundred Fifty-Three and 05/100 Dollars ($50,953.05); *plus*

- Expert witness costs in the amount of Fifteen Thousand Six Hundred Thirty-Nine and 00/100 Dollars $15,639.00; *plus*

- All costs of these proceedings, to be determined by the Clerk of Court.

**IT IS FURTHER ORDERED** that Whitney's Re-Urged Motion To Enter Final Judgment is **DENIED** solely to the extent it seeks to recover the cost of Whitney's expert, Jacqueline C. Tuthill, CPA, CFE, CFF, *without prejudice* to Whitney's right to resubmit its motion within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Mendoza's **Motion For Leave To File Sur-Reply Memorandum In Opposition To Doc. No. 168 Hancock Whitney Bank's Re-Urged Motion To Enter Final Money Judgment And Fix Amount Of Attorneys' Fees And Legal Expenses (Doc. 173)** be and is hereby **DENIED**.

Separately, the Court will issue a final amended judgment consistent with the relief set forth herein.

Baton Rouge, Louisiana, this 18th day of August, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

13