UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DOUGLAS MENDOZA, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

**DOYLE INTERNATIONAL
LOUISIANA, LLC, ET AL.**                            **NO. 17-00437-BAJ-SDJ**

## RULING AND ORDER

On August 18, 2021, this Court entered its Order (Doc. 174) amending its original judgment to state a damages award in favor of Plaintiff-in-Intervention Hancock Whitney Bank ("Whitney"), and to require Defendant-in-Intervention Douglas K. Mendoza ("Mendoza") to pay Whitney's attorney's fees and costs, including the fee of Charles Parrott, Whitney's banking industry expert. Relevant here, the Court's August 18 Order also *denied* Whitney's request for $60,562.50 to reimburse the fee of its rebuttal damages expert, Jacqueline C. Tuthill, explaining that "Ms. Tuthill's 'block billing' makes it impossible to determine the reasonableness of her fee, absent additional evidence of the specific work performed." (Doc. 174 at p. 11). Nonetheless, the Court permitted Whitney to resubmit its application for Ms. Tuthill's fee, "supported by more specific timesheets or other records." (*Id.*).

Now, Whitney has resubmitted its application for Ms. Tuthill's fee. (Doc. 179). Whitney offers no new argument or authorities to justify its request, (*id.* at ¶ 1), and instead submits a September 27, 2021 affidavit from Ms. Tuthill, which generally describes her work in this case. (Doc. 179-1). Ms. Tuthill's affidavit, in turn, attaches two exhibits: (1) the June 14, 2019 expert report prepared by Mendoza's damages

expert, Mark Shirley (Doc. 179-2); and (2) and the corresponding July 30, 2019 rebuttal report prepared by Ms. Tuthill's firm, Legier & Company. (Doc. 179-3).

As previously explained, Louisiana law allows the Court to award expert fees to the prevailing party. *See Dakmak v. Baton Rouge City Police Dep't*, 2012-1850 (La. App. 1 Cir. 9/4/14), 153 So. 3d 511, 514. And again, in this case, Whitney prevailed in its action to enforce a contract that plainly provided for an award of all "costs and expenses" incurred in the action, including costs of "hir[ing] or pay[ing] someone else to help enforce this Agreement." (Doc. 86-5 at pp. 137, 143). Still, any award of expert fees *must* be tethered to an objective measure of the expert's work.

> Factors to be considered by the trial court in setting an expert witness fee include the time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Additional considerations include the helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases.

*Dakmak*, 153 So. 3d at 514 (citations omitted). Further, the Court *cannot* award fees related to "time spent in consultation which only assists the attorney in preparation for the litigation." *Id*. "Most importantly, expert witnesses are entitled only to reasonable compensation." *Id*.

Having reviewed Whitney's additional proof submitted in support of its renewed request for Ms. Tuthill's fee, the Court finds itself in the same place as before: completely unable to determine the reasonableness of Whitney's $60,562.50 demand. Indeed, Whitney's renewed demand raises even more questions than answers. In its application, Whitney seeks recovery of Ms. Tuthill's fee *only*,

explaining that "Ms. Tuthill, a certified public accountant, drafted an expert report which … rebutted many of the observations and conclusions set forth in Mr. Shirley's report." (Doc. 168-1 at p. 11). In her September 27, 2021 affidavit, Ms. Tuthill affirms that she "prepar[ed]" the "14 page expert report issued July 30, 2019." (Doc. 179-1 at p. 3). But these statements are not linked to any of the billed hours appearing in Ms. Tuthill's contemporaneous timesheets. (*Compare* Doc. 168-2 at pp. 91-95, *with* 179-1). And clearly the July 30 report is *not* exclusively Ms. Tuthill's work product. First, the July 30 report does *not* identify an author, and instead is signed collectively by Ms. Tuthill's *firm*—"Legier & Company." (Doc. 179-3 at p. 15). Second, Ms. Tuthill's contemporaneous timesheets show that in the weeks leading up to the Report's publication, multiple Legier & Company employees worked on Whitney's account. In fact, six different "Item" keys appear on Ms. Tuthill's timesheets—"JCT501", "LBS501", "WRL501", "ALR501", "MJL501", and "EAG501"—corresponding to six different billing rates. (Doc. 168-2 at pp. 91-95). Even assuming that *all* Ms. Tuthill's time on this case was devoted to the July 30 report, it only amounts to 66.25 hours billed at $299 per hour, yielding a total fee of $19,808.75, or less than one-third of what Whitney claims on Ms. Tuthill's behalf. None of the additional hours billed on Ms. Tuthill's timesheets are explained in Ms. Tuthill's affidavit, which is dated 13 months *after* Legier & Company completed its work on this case.

Of course, Whitney now asserts that Ms. Tuthill did more than just work on the July 30 report. In her affidavit, Ms. Tuthill states she also reviewed pleadings, bank records, and other documents, analyzed and prepared summaries of bank

3

account transactions, prepared questions for Mr. Shirley's deposition, attended Mr. Shirley's deposition, and also attended "[v]arious conferences with counsel, in person and via telephone." (Doc. 179-1 at pp. 2-3). But at least some of these activities appear to be "consultation which only assists the attorney in preparation for the litigation," which, again, is not compensable. *Dakmak*, 153 So. 3d at 514. Absent any attempt to correlate her activities in this case to her contemporaneous timesheets, and/or to disaggregate and explain the work performed by other members of her firm, the Court cannot meaningfully assess whether Ms. Tuthill's fee is actually related to compensable activities, and is reasonable.

In sum, Whitney as completely failed to justify Ms. Tuthill's claimed $60,562.50 fee.

Accordingly,

**IT IS ORDERED** that Whitney's **Supplemental Re-Urged Motion To Enter Final Judgment And Fix Amount Of Attorneys' Fees And Legal Expenses (Doc. 179)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 11th day of May, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**